[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
The petitioner, Kenneth Brown, entered a plea of guilty pursuant to doctrine enunciated in North Carolina v. Alford (citations omitted) to one count of manslaughter in the first degree in violation of Connecticut General Statutes § 53a-55 (a) (1). Pursuant to a sentence agreement, the petitioner could have expected to receive a maximum period of twenty years incarceration with the right to argue to the sentencing court to impose a lesser sentence. The petitioner was sentenced to twenty years of incarceration. This is the sentence the petitioner seeks review.
On November 18, 1997, the New London Police responded to a report of a stabbing and found a male victim with wounds. He succumbed to his injuries. The office of the Chief Medical Examiner reported the victim died that same evening as a result of four stab wounds. The manner of death was determined to be a homicide. Investigation revealed the petitioner had come to the apartment of the victim's girlfriend after calling numerous times, searching for the victim. The victim's girlfriend reported she threw a fan at the petitioner, who struck her and left the apartment. The petitioner returned to the victim's apartment after phoning the victim. Upon arrival, the petitioner confronted the victim outside the apartment and a fight ensued. The victim died as a result of stab wounds inflicted by the petitioner.
Counsel for the petitioner argued to the Division that in light of the dysfunctional family background of the petitioner as well as his mental challenges, the maximum sentence for Manslaughter in the first degree was inappropriate.
Counsel for the State argued to the panel to affirm the sentencing court as the trial court clearly factored into the sentence the petitioner's mental history as well as his record for violence.
The petitioner addressed the panel and expressed sorrow for what happened. The petitioner further indicated he had no independent memory of the incident. CT Page 1635-a
The sentencing court lamented that disagreements all too often result in the death of one of the parties.
The petitioner was 17 years old when he committed this crime. The petitioner's prior criminal record consisted of a breach of the peace conviction. Two cases, both involving misdemeanor assault charges were pending at the time this crime was committed.
The record further reveals that petitioner recalls vividly his quest for marijuana from the victim, coupled with his assault of the victim's girlfriend. He recalls leaving the apartment and returning after speaking on the phone to the victim, again in his quest for marijuana. He returned to the apartment, a fight ensued, which resulted in the death of the victim. The petitioner claims to have no recollection of actually stabbing the victim to death.
The trial court further emphasized the punitive and deterrent affects of sentencing prior to imposing the twenty-year sentence. A sentence equal to the age of the petitioner at the time the sentence was imposed.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in its scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and the denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book §43-23 et seq., and Connecticut General Statutes § 51-194 et seq.
Here in reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq. CT Page 1635-b
The Division finds the sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
HOLDEN, J.
FORD, J.
O'KEEFE, J.
Holden, J., Ford, J. and O'Keefe, J. participated in this decision.